```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**MARK FOLEY**, *et al.*,

      Plaintiffs,

  vs.                                Civil Action 2:05-CV-208
                                        Judge Sargus
                                        Magistrate Judge King

**PAT SURBELLA**, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

       This action was instituted in the Court of Common Pleas for Knox County, Ohio, on February 3, 2005, with the filing of the complaint. *Exhibit A* attached to *Notice of Removal,* Doc. No. 1.  On March 8, 2005, defendants filed a notice of removal, characterizing the action as one arising under the copyright laws of the United States.  Doc.No. 1.  This matter is now before the Court on plaintiffs' motion to remand, Doc. No. 4.

       Plaintiffs are Mark Foley and Novatec Software Engineering, LLC, of which plaintiff Foley is the sole member. *Complaint,* ¶5, attached to *Notice of Removal,* Doc. No. 1.  The original complaint asserted claims of breach of contract, conversion of "certain intellectual property," *Complaint*, ¶31, and of personal property and business documents, tortious interference with contract, fraud, replevin (by which he seeks the return of personal and intellectual property) and breach of fiduciary duty.  In a notice filed with the state court on February 16, 2005, plaintiff dismissed Counts II and VII of the complaint, *i.e.,* the claims for conversion of intellectual property and replevin.  *Exhibit B* attached to *Notice of Removal.*

       In their notice of removal, defendants represent that service of process was effected on February 8, 2005*, Notice of Removal* at ¶2,

Doc. No. 1, and allege that, notwithstanding plaintiff's notice of dismissal, the complaint still implicates the federal copyright laws.

In the motion to remand, plaintiffs contend, first, that the March 8, 2005, notice of removal was untimely because "petitioners' prior counsel was mailed the complaint on February 3, 2005, at the time of filing." *Motion to Remand,* at 2, Doc. No. 4. *See Exhibit A* attached to *Motion to Remand.* However, the 30-day period for timely removal, *see* 28 U.S.C. §1446(b), begins to run when the defendant is formally served with process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Plaintiffs do not allege, and it does not otherwise appear, that defendants' prior attorney was authorized to accept service of process. Plaintiffs do not dispute defendants' assertion, made in the removal petition at ¶2, that service of process was effected on February 8, 2005. It therefore appears that the March 8, 2005 notice of removal was timely.

Plaintiffs also contend that the remaining claims do not arise under federal law and that the action is therefore not removable. Section 301 of the Copyright Act, 17 U.S.C. §301(a),[1] confers exclusive jurisdiction on the federal courts. State law claims that are equivalent to copyright infringement claims, with no meaningful additional elements, are therefore completely pre-empted by the Copyright Act and are removable even if federal law is not expressly invoked in the complaint. *Ritchie v. Williams,* 395 F.3d 283 (6th Cir. 2005).

Although plaintiffs dismissed certain claims that clearly arose under the Copyright Act, the remaining allegations still call into question the proper ownership of certain computer software. Such claims are the equivalent of copyright claims, are completely pre-empted by the Copyright Act, and therefore fall within the exclusive jurisdiction of

---

[1] Section 301 of the Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified in §106 in works of authorship that ... come within the subject matter of copyright ... are governed exclusively by this title. ... [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State."

the federal courts.  It therefore appears that removal of this action was appropriate.

It is therefore **RECOMMENDED** that plaintiffs' motion to remand, Doc. No. 4, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within ten (10) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


May 23, 2005                                           *s/Norah McCann King*
                                                        Norah M<sup>c</sup>Cann King
                                                        United States Magistrate Judge